UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM J. HUFF, II,<br>NICOLE E. HUFF,<br><br>       Plaintiffs,<br><br>       v.<br><br>MONROE COUNTY,<br>MONROE COUNTY PLAN COMMISSION,<br>MONROE COUNTY PLANNING<br>DEPARTMENT,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:22-cv-00812-JPH-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON AUGUST 8, 2022, TELEPHONIC INITIAL PRETRIAL CONFERENCE**

Parties appeared by counsel August 8, 2022, for a telephonic initial pretrial conference. The parties disagreed about whether it is appropriate at this time to set Case Management Plan deadlines and engage in discovery. Plaintiffs argued that deadlines should be set and discovery should proceed. Defendants opposed doing so, arguing, among other reasons, that a motion to dismiss pends. Case management decisions such as these are squarely within the Court's "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). The Court typically will not bring a case to a stop at its outset, particularly simply because a motion to dismiss has been filed. *See, e.g., Hill-Rom Services, Inc. v. Tellisense Medical, LLC*, No. 1:17-cv-4725-WTL-MJD, 2019 WL 10888458, at *2 (S.D. Ind. May 10, 2019) ("Filing a motion to dismiss does not automatically stay discovery, and the Court is not required to grant a motion to stay pending a ruling on a motion to dismiss."). However, this is not a typical case, and much more is at play here than merely a motion to dismiss. *Cf. Sparger-Withers v. Taylor*, No. 1:21-cv-2824-JRS-MG, 2022 WL 1185747, at *2 (S.D. Ind. Apr. 21, 2022) (staying discovery pending a ruling on the defendants' motion to dismiss, where "threshold" issue of lack of standing was the defect cited in the motion); *Nat'l Police Ass'n, Inc.*

*v. Gannett Co.*, No. 1:21-cv-1116-TWP-DLP, 2021 WL 5364207, at *3 (S.D. Ind. Oct. 25, 2021) (granting motion to stay discovery in part because "a stay of discovery until there is a ruling on the motion to dismiss will most likely lead to a more focused discovery process which, in turn, will allow the parties to narrow the scope of their discovery inquiries.").

This case challenges Defendants' alleged unlawful refusal to allow Plaintiffs to develop and enjoy their Lake Monroe property. This is one of three pending actions arising out of Plaintiffs' desire to use their property in the manner they deem appropriate. In addition to this case, a civil enforcement action pends arising out of the parties' apparent one-time settlement of their disputes, but which settlement is now disputed. In addition, Plaintiffs' neighbors have filed suit against them for activities being conducted, or sought to be conducted, on the Lake Monroe property. This complicated case history prompted Defendants to file a motion to dismiss, asserting various abstention arguments in support of dismissal, as well as asserting that Plaintiffs have failed to state a claim for relief. If granted, the motion to dismiss would bring this case to an end, at least in this forum.

As for the civil enforcement action, the parties had a hearing last week in that case on a motion to enforce the purported terms of a settlement agreement. The outcome of that decision will, to some extent (over which the parties disagree), impact the issues before this Court. Moreover, the lengthy amended complaint Plaintiffs filed makes numerous references to documents obtained from public records requests and other sources. As a result, it appears Plaintiffs already are exceedingly well armed with important facts and documents relevant to this case. In any event, Plaintiffs do not need any discovery to respond to Defendants' motion to dismiss. In addition, the Court has agreed to conduct a Court-supervised settlement conference in an effort to resolve this litigation. Finally, while temporarily denying discovery will undoubtedly cause some delay in this case, Plaintiffs pointed to no other prejudice that will be

caused by temporarily staying discovery and not imposing CMP deadlines for a modest period of time.

      As a result, the Court grants Defendants' request to deny the CMP [Filing No. 28] and stays all discovery. Moreover, by separate order, the Court will set this case for a settlement conference at 9 a.m. January 23, 2023. In the event the case is not resolved by the time that conference concludes, the Court will revisit the need to impose CMP deadlines and proceed with discovery.

Date: 8/9/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email