**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| WILLIAM J. HUFF, II, as Trustee of the William J. Huff, II, Revocable Trust Declaration, Dated June 28, 2011, and NICOLE E. HUFF, as Trustee of the Nicole E. Huff Revocable Trust Declaration, Dated June 28, 2011,<br><br>        Plaintiffs,<br><br>    v.<br><br>MONROE COUNTY, THE MONROE COUNTY PLAN COMMISSION, and THE MONROE COUNTY PLANNING DEPARTMENT,<br><br>        Defendants. | Case No. 1:22-cv-00812-JPH-TAB |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF THE PENDING MOTION TO DISMISS**

On September 13, 2022, Defendants Monroe County, the Monroe County Plan Commission, and the Monroe County Planning Department (collectively, "the County") filed their pending motion to dismiss the Second Amended Complaint filed by Plaintiffs William J. Huff, II, as Trustee of the William J. Huff, II, Revocable Trust Declaration, Dated June 28, 2011, and Nicole E. Huff, as Trustee of the Nicole E. Huff Revocable Trust Declaration, Dated June 28, 2011 (collectively, "the Huffs"). The parties completed briefing on that motion on October 11, 2022, and the motion is now pending.

As the County explained in its briefing, three independently sufficient lines of abstention precedent require dismissing or staying this case: This federal lawsuit would unnecessarily interfere with an ongoing state-court Enforcement Suit involving the same property, the same zoning rules, the same parties, and many of the same arguments. And on November 5, 2022, the state court in the Enforcement Suit issued the attached Order granting the County's motion to enforce the Settlement

Agreement. *See* **Exhibit A**. This Order finds the Huffs violated the law, and it further confirms abstention is required.

In particular, the state court's Order finds that the Huffs constructed roads on their property without obtaining the permits required by the Monroe County Zoning Ordinance. In the Enforcement Suit the Huffs had contended that no permits were necessary, on the theory that the roads were "purely agricultural in nature." ECF 48-8 at 6. The state court rejected this argument, finding that the Huffs needed to obtain an improvement location permit and grading permit because "it is abundantly clear that the roads have a dual purpose, which is to facilitate access to residential sites on the property." Order at 3. And regardless whether the roads were agricultural, the state court further concluded that the Huffs needed to obtain "a variance from the land slope restrictions" in any event. *Id.* The Huffs' construction of the road without these permissions, the state court determined, violated the Zoning Ordinance in multiple respects. *Id.* The state court thus held that the "Huffs are required to either rebuild the road or obtain a variance to bring the road in compliance with applicable statutes," and it enjoined the Huffs "from further building, development, modification of structures or other land disturbing activities on their property until required approvals are obtained." *Id.* at 4–5.

In short, the Order directly refutes the Huffs' contentions in this federal proceeding that the Enforcement Suit "is all but finished," ECF 51 at 15, and "has no bearing on the Huffs' claim in this lawsuit," *id.* at 3. The Order demonstrates that the Enforcement Suit is the appropriate forum for the County to ensure the Huffs' future compliance with the Zoning Ordinance. And it squarely rejects the Huffs' argument for distinguishing this federal case from the state-court Enforcement Suit: The Huffs' response to the County's motion to dismiss conceded that "[i]t is undeniably true that the post-2020 permitting process is a central part of the [federal] Second Amended Complaint" and argued that the Enforcement Suit does not concern the post-2020 permitting process on the ground that the Huffs "undisputedly" sought all the "necessary permits" in that period. ECF 51 at 10–11. The state court's

2

Order, however, holds that the Huffs have *not* sought all the necessary permits for their post-2020 conduct. Order at 2–5.

The state court's Order thus confirms that federal-court adjudication of the Huffs' arguments—which, among other things, claim that the County has unlawfully refused the Huffs' Site Plan Applications, *see* ECF 45 at 44–51, 54–55, and that the entirety of Chapter 815 of the Zoning Ordinance is unconstitutional, *see id.* at 51–54—would impede the state court's ability to ensure the Huffs do not continue to violate the Zoning Ordinance. Abstention is thus required here: This federal suit would interfere with an ongoing state enforcement proceeding, would impair judicial efficiency while producing inconsistent results, and would undermine federal-state comity without serving an important countervailing federal interest. *See* ECF 49 at 7–19 (explaining why each of these three grounds for abstention apply here). In light of the "[p]rinciples of comity [that] entitle the states to make their own decisions, on federal issues as well as state issues," the Court should stay or dismiss this case and allow the state court to continue to adjudicate the parties' dispute. *Nicole K. v. Stigdon*, 990 F.3d 534, 537–38 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 758 (2022).

Dated:  November 10, 2022                  Respectfully submitted,

                                                *s/ John R. Maley*
                                                John R. Maley
                                                Kian J. Hudson
                                                Sarah E. Brown
                                                BARNES & THORNBURG LLP
                                                11 South Meridian Street
                                                Indianapolis, IN  46204
                                                Telephone: 317-236-1313
                                                Facsimile: 317-231-7433
                                                Email: jmaley@btlaw.com
                                                            kian.hudson@btlaw.com
                                                            sarah.brown@btlaw.com

                                                Lee F. Baker
                                                MONROE COUNTY LEGAL DEPARTMENT
                                                100 W. Kirkwood Ave., Room 200
                                                Bloomington, Indiana 47404
                                                Telephone: 812-349-2525

Email: lfbaker@co.monroe.in.us

*Attorneys for Defendants Monroe County, the Monroe County Plan Commission, and the Monroe County Planning Department*

4