IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM J. HUFF, II, as Trustee of the William J. Huff, II, Revocable Trust Declaration, Dated June 28, 2011, and NICOLE E. HUFF, as Trustee of the Nicole E. Huff Revocable Trust Declaration, Dated June 28, 2011,<br><br>      *Plaintiffs*,<br><br>v.<br><br>MONROE COUNTY, THE MONROE COUNTY PLAN COMMISSION, and THE MONROE COUNTY PLANNING DEPARTMENT,<br><br>      *Defendants*. | Civil Action No. 1:22-cv-00812-JPH-TAB |

# PLAINTIFFS' MOTION TO STRIKE AND ALTERNATIVE RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (DE #54)

Monroe County should not be permitted to file what essentially amounts to a surreply for which it did not seek, or obtain, permission to file. But if the Court is inclined to entertain argument outside the normal briefing process, the County gets the import of the new state court order exactly backwards.

It is one thing for a party to file a Notice of Supplemental Authority when there is a substantive motion pending. It is entirely another for that party to include three pages of substantive argument bolstering its original briefing when it did not seek permission to do so. *See Eli Lilly & Co. v. Crabtree*, 485 F. Supp. 2d 982, 997 (S.D. Ind. 2006) (striking argument accompanying supplemental authority because the party "err[ed] when it sought to argue its position further along with it submission before seeking leave of the

1

Court to further brief the issue already before it"); *Rossi v. Gurstel Law Firm, P.C.*, No. 19-cv-207-jdp, 2020 WL 2542834, *1 n.1 (W.D. Wisc. May 19, 2020) (denying motion for leave to file notice of supplemental authority because the notice "was actually a substantive brief comparing the facts at hand to those in" the supplemental case). The County here did not simply file a notice of additional authority and that authority itself—it included briefing for which it did not seek or obtain permission to file. Therefore, the Huffs ask that the Court strike the County's argument attached to the supplemental authority.

If the Court decides to consider the County's argument, the County has completely misunderstood the import of the new order in the state court. First, the County continues to be obtuse in its unwillingness to acknowledge that the federal lawsuit addresses *new* actions of the County, related to *new* permitting issues on the Huff properties, that have all occurred *after* the parties entered into the state court Settlement Agreement. In fact, as explained by the Huffs in their Response to the Motion to Dismiss, the Huffs currently have over 22 permit applications pending and "stopped" by the County that do not relate to or arise under the Settlement Agreement. If the County simply leaves those applications in limbo forever, the Huffs would have no recourse in the state court action. That's why they filed this lawsuit.

Moreover, the County spends a full paragraph on page 2 of its improper brief discussing the roads on the Huff property (the property has only two roads, and only a small section of one of those two roads is at issue in the state court's order). (DE #54, p. 2.) The section of road at issue has *nothing to do* with the federal lawsuit. Here, the Huffs haven't asked for any relief related to the permitting process for the road, or anything related to the road in any way. The County is right—the road is covered by the Settlement Agreement, which is why it is not a part of this new, separate federal lawsuit.

Second, the state court order is a final order. It puts to bed the only remaining issues in that case, which relate to the interpretation of the Settlement Agreement. (And, again,

the Huffs' claims here do not arise under and are not related to the Settlement Agreement.) In other words, the state litigation is *done*. There is no longer any risk of the federal proceeding interfering with the state proceeding (though, as the Huffs argued in their Response to the Motion to Dismiss, that risk has never been present) because the state proceeding has come to an end.

The state court order takes the abstention issue off the table altogether. Therefore, it offers a crystal clear reason to deny the County's Motion to Dismiss.

WHEREFORE, Plaintiffs respectfully ask that the Court strike the argument included by the County with their Notice of Supplemental Authority. In the alternative, the Huffs ask that the Court consider their response herein. The Huffs also ask that the Court deny the pending Motion to Dismiss.

DATED: November 11, 2022

Respectfully submitted,

*/s/ Blake J. Burgan*
Blake J. Burgan, # 18350-49
Chou-il Lee, #21183-53
Nadine E. McSpadden, #25420-49
Jeffrey W. Parker, Jr., #35742-49
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Phone: 317.713.3500
Fax: 317.713.3699
bburgan@taftlaw.com
clee@taftlaw.com
nmcspadden@taftlaw.com
jparker@taftlaw.com

75372370v1