IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM J. HUFF, II, as Trustee of the William J. Huff, II, Revocable Trust Declaration, Dated June 28, 2011, and NICOLE E. HUFF, as Trustee of the Nicole E. Huff Revocable Trust Declaration, Dated June 28, 2011,<br><br>    *Plaintiffs*,<br><br>v.<br><br>MONROE COUNTY, THE MONROE COUNTY PLAN COMMISSION, and THE MONROE COUNTY PLANNING DEPARTMENT,<br><br>    *Defendants*. | Civil Action No. 1:22-cv-00812-JPH-TAB |

### PLAINTIFFS' MOTION TO STRIKE AND ALTERNATIVE RESPONSE TO DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY (DE #56)

    For the same reasons noted in Plaintiffs' initial Motion to Strike and Alternative Response to Defendants' Notice of Supplemental Authority (DE #55), Monroe County should not be permitted to file what essentially amounts to another surreply for which it did not seek, or obtain, permission to file. But if the Court is inclined to entertain argument outside the normal briefing process, the County once again ignores a fundamental problem with its reliance on the Huffs' appeal of the state court order – the rulings at issue in their appeal have nothing to do with the federal claims asserted in this action.

    Based on the authority identified in the Huffs' first Motion to Strike and Alternative Response to Defendants' Notice of Supplemental Authority (DE #55), the Huffs ask that the Court strike the County's argument attached to the supplemental authority.

1

If the Court decides to consider the County's argument, the County again ignores that the issues at play in the state court order being appealed by the Huffs are entirely unrelated to the Huffs' claims in this case. The County continues to be obtuse in its unwillingness to acknowledge that the federal lawsuit addresses *new* actions of the County, related to *new* permitting issues on the Huff properties, that have all occurred *after* the parties entered into the state court Settlement Agreement. The state court order being appealed relates exclusively to the Settlement Agreement in that case – issues that have no bearing on the claims asserted by the Huffs in this federal action.

The state court order being appealed involved only (1) defining the effective terms of the Settlement Agreement; (2) addressing which officials have authority to issue variances under the Monroe County Zoning Ordinance to address the terms of the Settlement Agreement; and (3) the roads on the Huffs' property. None of those issues have anything to do with the claims asserted by the Huffs in this action, which arose solely because of the County's actions *after the parties entered into the Settlement Agreement*.

The state court order and its related appeal take the abstention issue off the table altogether. Therefore, it offers a crystal clear reason to deny the County's Motion to Dismiss.

WHEREFORE, Plaintiffs respectfully ask that the Court strike the argument included by the County with their Notice of Supplemental Authority. In the alternative, the Huffs ask that the Court consider their response herein. The Huffs also ask that the Court deny the pending Motion to Dismiss.

DATED:   December 8, 2022                                  Respectfully submitted,

*/s/ Blake J. Burgan*
Blake J. Burgan, # 18350-49
Chou-il Lee, #21183-53
Nadine E. McSpadden, #25420-49
Jeffrey W. Parker, Jr., #35742-49

                                                                                                                        TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Phone: 317.713.3500
Fax: 317.713.3699
bburgan@taftlaw.com
clee@taftlaw.com
nmcspadden@taftlaw.com
jparker@taftlaw.com